A. Diggs Hewitt, et al. [1] v. Commissioner. Hewitt v. Commissioner
Docket Nos. 72563-72568.
United States Tax Court
T.C. Memo 1959-87; 1959 Tax Ct. Memo LEXIS 160; 18 T.C.M. (CCH) 404; T.C.M. (RIA) 59087; April 30, 1959
Frederick T. Stant, Jr., Esq., Board of Trade Building, Norfolk, Va., and Alan S. Mirman, Esq., for the petitioners. Frank W. Hardy, Esq., for the respondent. TRAIN
Memorandum Opinion TRAIN, Judge: The respondent determined deficiencies in income taxes of the petitioners, and additions to tax, in the years and in the amounts as follows: Docket No. 72563
Defi-
Petitioner
Year
ciency
A. Diggs Hewitt
1948
$ 41.50
Docket No. 72564
A. Diggs Hewitt and Juli-
1949
$1,623.56
ette L. Hewitt
1950
142.60
1951
3,679.90
Docket No. 72565
Robert F. Grennan and Mary
1949
$ 269.14
M. Grennan
1950
127.02
1951
3,406.46
1952
5,300.44
Docket No. 72566
Additions to
Year
Defi-
Tax Sec.
Petitioner
Ended
ciency
291(a) [2]
Centre Motor
2-29-48
$3,480.90
Company,
2-28-49
1,907.94
Incorporated
2-28-50
4,085.55
2-28-51
1,944.47
2-29-52
8,017.70
$2,004.43
Docket No. 72567
Robert F. Gren-
2-29-48
$3,480.90
nan, alleged
2-28-49
1,907.94
transferee of
2-28-50
4,085.55
Centre Motor
2-28-51
1,944.47
Company, In-
2-29-52
8,017.70
$2,004.43
corporated
Docket No. 72568
Asa Diggs Hew-
2-29-48
$3,480.90
itt, alleged
2-28-49
1,907.94
transferee of
2-28-50
4,085.55
Centre Motor
2-28-51
1,944.47
Company, In-
2-29-52
8,017.70
$2,004.43
corporated
*161 The case was submitted on the basis of a stipulation of facts. The parties stipulated, first, that the assessment and collection of any deficiencies determined by the Court in any of the cases is not barred by any applicable statute of limitations, and, second, that Robert F. Grennan and Asa Diggs Hewitt are liable as transferees within the meaning of section 311 for any deficiencies as finally determined to be due by Centre Motor Company, Incorporated, transferor, plus statutory interest. The petitioners, having the burden of proof in Docket Nos. 72563, 72564, 72565, and 72566, introduced no evidence whatsoever bearing upon the deficiencies and additions to tax determined by the respondent therein. Under this circumstance, the determination of the respondent is sustained in each of those cases with respect to each year involved. The respondent has the burden of proof in Docket Nos. 72567 and 72568. However, the parties have stipulated that the petitioners therein are liable as transferees for any deficiency finally determined with respect to Centre Motor Company, Incorporated, plus statutory interest. *162 Since, in the absence of any evidence to the contrary, we have found the deficiencies and additions to tax with respect to Centre Motor Company, Incorporated, to be as determined by the respondent, the respondent's determination of transferee liability on the part of Asa Diggs Hewitt and Robert F. Grennan is likewise sustained. Decisions will be entered for the respondent. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: A. Diggs Hewitt and Juliette L. Hewitt, Docket No. 72564; Robert F. Grennan and Mary M. Grennan, Docket No. 72565; Centre Motor Company, Incorporated, Docket No. 72566; Robert F. Grennan, alleged transferee of Centre Motor Company, Incorporated, Docket No. 72567; Asa Diggs Hewitt, alleged transferee of Centre Motor Company, Incorporated, Docket No. 72568.↩
2. All section references are to the Internal Revenue Code of 1939.↩